# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NANEXA AB, | ) |
|                Plaintiff, | ) ) ) |
| v. | ) C.A. No. 1:21-CV-00764-CFC ) |
| VITRIVAX, INC., | ) **DEMAND FOR JURY TRIAL** ) |
|                Defendant. | ) ) |

## STIPULATED PROTECTIVE ORDER

**WHEREAS,** the parties to the above-captioned action (the "Action") may seek discovery of documents, information, or other materials that may contain trade secrets or other confidential research, development, or commercial information of other parties or third parties;

**NOW THEREFORE,** pursuant to Federal Rule of Civil Procedure 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby **ORDERS** that:

1.     This Stipulated Protective Order ("Order") shall govern the disclosure and production of information, documents, and tangible things in connection with the Action.

2.     Any producing person, entity or third party ("Producing Party") may designate any information, document, or tangible item to be disclosed or produced to any other person or entity ("Receiving Party") as HIGHLY CONFIDENTIAL INFORMATION if: (a) the Producing Party claims in good faith that such information, document, or tangible item comprises or contains confidential and highly sensitive technical or commercial information; and (b) the Producing Party gives notice, as provided in this Order, that such information, document, or tangible item comprises or contains HIGHLY CONFIDENTIAL INFORMATION.

    3. Any Producing Party may designate any information, document, or tangible item to be disclosed or produced to any Receiving Party as CONFIDENTIAL INFORMATION if: (a) the Producing Party claims in good faith that such information, document, or tangible item comprises or contains confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(7); and (b) the Producing Party gives notice, as provided in this Order, that such information, document, or tangible item comprises or contains CONFIDENTIAL INFORMATION.

    4. All information, documents, or tangible items to be produced in tangible form that the Producing Party wishes to designate as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION must, prior to production to the Receiving Party, be labeled by the Producing Party with the legend: **[HIGHLY] CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER,** or a suitable equivalent.

    a. All information to be disclosed initially for inspection (such as for selection of materials for copying and production) that the Producing Party wishes to designate as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION must, prior to or concurrent with such disclosure, be specified in a writing provided to the Receiving Party (or orally, if followed by the necessary writing) that identifies the specified information as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION.

    b. All information to be disclosed orally (such as at a deposition) shall be automatically designated as HIGHLY CONFIDENTIAL INFORMATION for a period of thirty (30) days from the date the deposition transcript becomes available. Thereafter, the information contained in the deposition transcript will no longer be deemed HIGHLY CONFIDENTIAL INFORMATION unless: (1) in a writing sent to counsel for the Receiving

Party before the expiration of the thirty-day period, counsel for the Producing Party claims in good faith that the deposition transcript (or a specified portion of it) contains CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION; or (2) at the deposition, counsel for the Producing Party states on the record that certain portions of the deposition transcript contain CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.  For deposition transcripts, the phrase "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION."

5. Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the Producing Party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the Producing Party and a unique identifying number.

6. Any information, document, or tangible item designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION that is disclosed or produced in connection with this Action shall be maintained in strict confidence by the Receiving Party; shall be used solely in connection with this Action, subject to any further order of this Court regarding confidentiality; and shall not be disclosed to, or used by, any individual or entity except as permitted by this Order.

7. Access to HIGHLY CONFIDENTIAL INFORMATION shall be strictly limited to the following persons:

      a.  The outside counsel of record for the Receiving Party, and the secretarial, clerical, paralegal and other supporting personnel of the listed outside counsel of record, including without limitation, those persons providing photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.  Such outside counsel of record for the Receiving Party with access to such information shall not, until one (1) year after the termination of this litigation (including any appeals) or unless authorized by the Court, engage in any patent application preparation and/or prosecution for the Receiving Party of patent claims relating to atomic layer deposition technology for thermostable vaccine technologies.  This restriction on patent prosecution shall apply only to individuals having access to such information, and not to the firms or organizations by which they are employed.

      b.  Outside experts or consultants for the Receiving Party who are not employees of a Receiving Party and who are retained in connection with the disputes between or among the parties to this Action, and their supporting personnel; and provided that the disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION to any such expert or consultant shall be made only after:

      (1)  Counsel desiring to disclose HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION to such an expert or consultant obtains a completed and signed undertaking in the form of Exhibit A attached hereto from the expert or consultant and forwards a copy of said completed and signed undertaking and the expert's or consultant's current *curriculum vitae* to counsel for the Producing Party; and

      (2)  Expiration of a period of five (5) business days, commencing with the receipt by counsel for the Producing Party of a copy of the expert's or

consultant's completed and signed undertaking and current *curriculum vitae*. During this period, counsel for the Producing Party may object in good faith in writing to the disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION to this expert or consultant for cause (e.g., an identified conflict of interest). If counsel for the Producing Party fails to object to such disclosure within the prescribed period, any objection to such disclosure shall be deemed waived. In the event that a good faith objection is made within the prescribed period, there shall be no disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION to the expert or consultant until there is an express written agreement of the parties or order of this Court removing the objection. The party seeking disclosure to an objected-to expert shall have the obligation to seek an order of the Court removing the objection;

      c.    Non-technical trial consultants and graphics or design firms, including their supporting personnel, retained by outside counsel for the Receiving Party for the purpose of preparing demonstrative or other exhibits, provided that such persons complete the Undertaking attached as Exhibit A prior to the disclosure of any HIGHLY CONFIDENTIAL INFORMATION;

      d.    Licensed court reporters and videographers employed in connection with this Action; and

      e.    The Court and its authorized personnel.

8.    Access to CONFIDENTIAL INFORMATION shall be strictly limited to the following persons:

      a.    Any person identified in Paragraph 7;

        b.      Outside counsel who are not outside counsel of record and their respective secretarial, clerical, paralegal and other supporting personnel; and

        c.      Up to two (2) employees of the Receiving Party and their respective secretarial, clerical, paralegal and other supporting personnel.

        9.      HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION may be used, relied upon and referred to in any testimony or other evidence presented at any trial, hearing or deposition conducted in connection with this Action, so long as the person presenting such testimony or evidence is authorized to have access to such HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION under the terms of this Order, and subject to any further order of this Court regarding confidentiality.

        10.      If the HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION of a Producing Party is to be filed with this Court in connection with any proceeding in this Action, the Producing Party shall seek to submit such materials under seal pursuant to the sealing rules and procedures of this Court.

        11.      This Order shall not limit a party's examination, at a deposition, hearing or at trial, of persons who are not authorized to receive HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION under the terms of this Order, so long as such examination concerns HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION that the witness authored or previously had access to or knowledge of, as demonstrated by the HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION itself or by foundation testimony during a deposition, hearing or trial.  This Order shall not prevent counsel from examining a witness in a good-faith

effort to determine whether he or she authored or previously had access to or knowledge of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION.

12. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION; provided, however, that in rendering such advice the attorney shall not disclose any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION received from a Producing Party to unauthorized persons.

13. A Receiving Party's acceptance of material designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION by a Producing Party shall not constitute an admission, or create an inference, that the material is in fact confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1). This Order shall not foreclose any party from moving for an order that materials designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION are not confidential within the meaning of Federal Rule of Civil Procedure 26(c)(1). Prior to bringing such a motion, however, the Receiving Party shall first request in writing that the Producing Party change or remove its confidentiality designation. If the Producing Party refuses to change its confidentiality designation within ten (10) business days, the Receiving Party may move for an order changing or removing the designation. On such a motion, the Producing Party shall have the burden of proving that the material it designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION embodies trade secrets or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1).

14. If, through inadvertence, a Producing Party provides any information pursuant to this litigation without marking the information as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION, the Producing Party may subsequently inform the Receiving Party of the nature of the disclosed information, and the Receiving Party shall treat the information as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION upon written notice from the Producing Party.  Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the Producing Party shall provide properly designated documents or tangible items, if applicable.  Upon receipt of such notice and properly designated documents or tangible items, if applicable, the Receiving Party shall substitute properly designated copies for those previously received and treat the information contained in or derived from said replaced documents or tangible items as HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION.

15. Should any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION be disclosed by a Receiving Party to any person not authorized to have access to such information under this Order, the Receiving Party shall:

    a. Use its best efforts to obtain the prompt return of any such HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION and to bind such person to the terms of this Order;

    b. Within three (3) business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the Producing Party; and

    c. Request such person to sign an undertaking in the form of Exhibit A attached hereto.  If executed, the undertaking shall be served upon counsel of record for the Producing Party within three (3) business days of its receipt by the Receiving Party.

    The requirements set forth in this Paragraph shall not prevent the Producing Party from applying to the Court for further or additional relief.

    16. Nothing in this Order shall be construed to require disclosure of information, documents, or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity.  A Producing Party may produce a redacted version of information, documents, or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation REDACTED-PRIVILEGED.

    17. If a Producing Party inadvertently or mistakenly produces information, documents, or tangible items in this Action that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity for such information, provided that the Producing Party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure.  Within three (3) business days of receiving a written request to do so from the Producing Party, the Receiving Party shall return to the Producing Party any documents or tangible items that the Producing Party represents are covered by a claim of

attorney-client privilege, work product immunity, or any other applicable privilege or immunity and were inadvertently or mistakenly produced. The Producing Party shall retain copies of all returned documents and tangible items for further disposition. Nothing in this Order, however, shall preclude the Receiving Party from making a motion to compel production of the returned information.

18. If the discovery process calls for the production of information, documents, or tangible items that a party cannot produce because its disclosure would breach an agreement with a third party to maintain such information in confidence, the Producing Party shall, no less than ten (10) business days before the date scheduled for production, give written notice to the third party that its information is subject to discovery in this Action and provide the third party with a copy of this Order. At the same time such written notice is given to the third party, the Producing Party shall advise the putative Receiving Party of (a) the fact that such notice has been given; (b) the type of information being withheld; and (c) the name and address of the third party. The requested information shall not be produced unless the third party so agrees or the putative Receiving Party secures a Court order compelling production.

19. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's designated HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

20. The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION if said person or entity already has legitimate possession thereof.  The restrictions and obligations set forth in this Order relating to HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION shall not apply to any information that:

    a. The parties agree, or the Court rules, is already public knowledge;

    b. The parties agree, or the Court rules, has become public knowledge other than by disclosure by a Receiving Party; or

    c. Has come or hereafter comes into the Receiving Party's legitimate possession without any confidentiality restrictions and independently of the Producing Party.

21. This Order shall not prevent any party from applying to the Court for further or additional protective orders.

22. This Order shall survive the termination of this Action.

23. Within thirty (30) days after final termination of this Action, including any appeals, all HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION of a Producing Party in the possession, custody, or control of a Receiving Party – or in the possession, custody, or control of any person allowed access to such information under Paragraphs 7 or 8 of this Order – must either be:

    a. Returned to outside counsel of record for the Producing Party; or

    b. Destroyed and such destruction certified in writing to outside counsel of record for the Producing Party.

24. Notwithstanding the provisions of Paragraph 23, after final termination of this Action, including any appeals, outside counsel identified in Subparagraph 7(a) for a Receiving Party may retain one archival copy of pleadings, deposition transcripts, deposition exhibits, Court transcripts, Court exhibits and other submissions to the Court, including any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION contained therein.

25. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make

voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION.

30. OTHER PROCEEDINGS.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION pursuant to this order shall promptly notify that party of the motion (at least seven (7) days before the motion is to be heard) so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| /s/ James H.S. Levine | /s/ Stephen J. Kraftschik |
| James H.S. Levine (DE Bar No. 5355) | Stephen J. Kraftschik (DE Bar No. 5623) |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | POLSINELLI PC |
| Hercules Plaza, Suite 5100 | 222 Delaware Avenue, Suite 1101 |
| 1313 Market Street | Wilmington, DE 19801 |
| Wilmington, DE 19801 | Tel.: 302.252.0926 |
| Tel: 302-777-6536 | skraftschik@polsinelli.com |
| james.levine@troutman.com | |
| | OF COUNSEL: |
| OF COUNSEL: | John R. Posthumus, Esq. |
| Andrew P. Zappia, Esq. | POLSINELLI PC |
| Christina L. Shifton, Esq. | 1401 Lawrence Street, Suite 2300 |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Denver, CO 80202 |
| 70 Linden Oaks, Suite 210 | Tel.: 720.931.1191 |
| Rochester, New York 14625 | jposthumus@polsinelli.com |
| Tel.: 585.270.2100 | |
| Andrew.zappia@troutman.com | *Attorneys for Defendant VitriVax, Inc.* |
| Christina.shifton@troutman.com | |

Oliver Laing
POTTER CLARKSON LLP
The Belgrave Centre
Talbot Street
Nottingham
NG1 5GG
United Kingdom
Tel: 44 (0) 115 955 2211
oliver.laing@potterclarkson.com

*Attorneys for Plaintiff Nanexa AB*

IT IS SO ORDERED this _____ day of _____ 2021.

                                                  The Honorable Colm F. Connolly